IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL R. ROMERO | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-13-625 |
| PHILLIP MORGAN, | * | |
| DEPT. OF PUBLIC SAFETY AND | | |
| CORRECTIONAL SERVICES, | * | |
| WEXFORD HEALTH SOURCES, INC., | | |
| and CORIZON HEALTH CARE SERVICES | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned civil rights Complaint was filed on February 27, 2013, together with a Motion to Proceed in Forma Pauperis which is supported by an Inmate Account summary. ECF No. 2. For the reasons that follow, two of Plaintiff's claims must be dismissed.

Plaintiff's account summary indicates a six month average balance of $4,831.07 and average receipts of $148.68. ECF No. 1 at Att. 1. The initial partial fee is calculated to be $966.21, well over the $350 filing fee. Plaintiff shall, therefore, be required to pay the full filing fee within 21 days of the date of the separate Order issued contemporaneously with this opinion.

Plaintiff raises three claims in the Complaint. First, he asserts he was found guilty of a major rule violation on March 26, 2012, and was required to serve six months of disciplinary segregation time. ECF No. 1 at p. 5. He states that the guilty finding was reversed by the Circuit Court for Washington County, but claims Warden Morgan is liable to him for subjecting him to cruel and unusual punishment and a violation of due process because he did not properly review the disciplinary findings. *Id*.

The liberty interest at stake in prison disciplinary hearings is the loss of good conduct time. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (establishing that the revocation of good conduct credits may not take place without first providing the inmate with the protections of procedural due process). To the extent that any lost diminution of confinement credits were restored when Plaintiff's disciplinary conviction was reversed, any due process violation committed was cured. "[T]here is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morisssette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991)); *Young v. Hoffman*, 970 F.2d 1154, 1156 (2nd Cir. 1992) ("administrative reversal constituted part of the due process protection [inmate] received, and it cured any procedural defect that may have occurred"). Plaintiff's confinement to disciplinary segregation does not constitute a denial of due process. Liberty interests in prison housing assignments are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483– 84 (1995); *see also Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (finding that that confinement to administrative segregation for six months in cells infested with vermin; smeared with human feces and urine; and flooded with water from a leak in the toilet on the floor above did not constitute atypical and significant hardship). Given this analysis, it is easy to conclude that Plaintiff's confinement to disciplinary segregation was not a significant hardship. Thus, confinement on disciplinary segregation for six months, alone, does not begin to approach the level of significant hardship contemplated by the applicable standard, which conclusion precludes Plaintiff's claim for damages under § 1983. *See Wycoff v. Nichols*,

94 F.3d 1187, 1190 (8th Cir. 1996); *see also Ragan v. Lynch*, 113 F.3d 875 (8th Cir. 1997).  The claim shall be dismissed.

Plaintiff's second claim concerns the refusal to provide him with needed knee surgery which is causing him to suffer pain and impairs his ability to walk.  ECF No. 1 at p. 5.  The allegation states a colorable claim and shall be permitted to proceed; however, Plaintiff will be permitted the opportunity to supplement the claim with the names of medical staff members whom he alleges are responsible in participating in the decision to deny the surgery.

Plaintiff's third claim alleges that Officer S.A. Wilson destroyed all of his personal property when he attempted to force Plaintiff to mail his property home and Plaintiff refused.  ECF No. 1 at p. 5.  The allegation as presented does not provide enough information to determine if it states a viable claim.  Generally, prisoners do not have a constitutionally protected property interest in personal property.  *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986) (in the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy).  If destruction of property impacts on another protected right such as the free practice of religion or meaningful access to the courts, then the destruction of property may state a claim.  Plaintiff will be given an opportunity to supplement the complaint with information concerning the nature of the property destroyed.

A separate Order follows.

Date:   March 4, 2013                             /s/
                                              DEBORAH K. CHASANOW
                                              United States District Judge